ALD-023                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1954
_____

MARK GOLDBERG,
                    Appellant

v.

DAVID E. ORTIZ, Warden; CARYN FLOWERS, Executive Assistant;
JAMES REISER, Case Manager; MR. N. MULLINS, Case Manager;
MS. M. FISCHER, Correctional Counselor; MS. CENTANO, Correctional Counselor;
MR. T. VOGT, Camp Secretary; JORDAN HOLLINGSWORTH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:17-cv-06024)
District Judge:  Honorable Karen M. Williams
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2023
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: November 21, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In his counseled, amended complaint, Mark Goldberg explained that while he was a federal prisoner at FCI Fort Dix, the organization that had foster custody of his son sought to terminate his parental rights. He alleged that the defendants, prison officials and employees, interfered with his (but not his counsel's) ability to telephonically attend hearings and conferences in the proceedings, which resulted in the loss of his parental rights. He sued the defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting that they had denied him access to the courts under the First Amendment and had violated his right to due process under the Fifth Amendment. He also claimed that the defendants had engaged in a conspiracy to deprive him of those constitutional rights. On the defendants' motion, the District Court dismissed the amended complaint. Goldberg appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the District Court concluded, a Bivens remedy is not available for the wrongs that Goldberg alleged. As the Supreme Court recently explained, the scope of Bivens is

---

[1] We previously denied his motion for appointment of counsel. See Order entered Oct. 11, 2023.

narrow. See Egbert v. Boule, 142 S. Ct. 1793, 1802 (2022) (listing (1) the violation of an arrestee's Fourth Amendment right to be free from unreasonable searches and seizures, see Bivens, 403 U.S. at 297; (2) the violation of due process under the Fifth Amendment based on sex discrimination, see Davis v. Passman, 442 U.S. 228, 245-48 (1979); and (3) a prison official's failure to provide adequate medical care in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 19-23 (1980)).

Because "[t]he Supreme Court has never recognized a Bivens remedy under the First Amendment," Goldberg's access-to-the-courts claim is "novel." See Bistrian v. Levi, 912 F.3d 79, 95-96 (3d Cir. 2018) (explaining also that earlier precedent expanding the Bivens remedy, including to a claim related to the denial of the right of access to the courts, can no longer guide the Court after the Supreme Court instructed that expanding Bivens beyond the recognized categories is disfavored, see Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017)). Similarly, his Fifth Amendment claim is a different type of due process claim than the Fifth Amendment sex discrimination claim that the Supreme Court has recognized, so it, too, is a "new context" for a Bivens action. See Bistrian, 912 F.3d at 94; see also Egbert, 142 S. Ct. at 1803-04.

When a claim is "meaningfully different" from the recognized categories of cases, a "Bivens remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert, 142 S. Ct. at 1803 (cleaned up) (citation

3

omitted) (explaining further that a court may not recognize a Bivens remedy if there is even a "single reason to pause" and suggesting that Congress will be better equipped to do the weighing "in most every case").  In both new contexts that Goldberg proposes, Congress seems better suited to weighing concerns regarding, inter alia, the "substantial costs" related to the potential imposition of liability on federal prison officials and employees, the "administrative costs" relating to the related discovery and trials processes, and the "impact on governmental operations systemwide" of prisons.  Ziglar, 137 S. Ct. at 136-37; see also Egbert, 142 S. Ct. at 1803-04 (stating that "a special factor that forecloses relief" on its own is the fact that a court "likely cannot predict the 'systemwide' consequences of recognizing a cause of actions under Bivens"); Mack v. Yost, 968 F.3d 311, 320-21 (3d Cir. 2020) (discussing how the availability of an administrative remedy through the Bureau of Prisons is a factor that can counsel hesitation in allowing a new Bivens context).  For these reasons, the District Court correctly concluded that Goldberg's First and Fifth Amendment claims could not proceed.  And his related conspiracy claim fell with them.  See Black v. Montgomery County, 835 F.3d 358, 372 n.14 (3d Cir. 2016) ("Because the District Court reasoned that [the appellant] could not succeed on her underlying Fourth Amendment malicious prosecution or Fourteenth Amendment due process claims, it correctly determined that she could not succeed on her conspiracy claims.").

For these reasons, the District Court properly dismissed Goldberg's complaint, and

4

we will affirm the District Court's judgment.